IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
--------------------------------------------------------------------

JEFFERY M. TRINWITH and JULLEEN B. OLSON,

                      Plaintiffs,

  v.                                                                 OPINION and ORDER

MAYO CLINIC EAU CLAIRE ADMINISTRATION,          23-cv-533-wmc
DON ADAMS, SUE B., and KIRK EL.,

                      Defendants.
--------------------------------------------------------------------

Self-represented plaintiffs Jeffery Trinwith and Julleen Olson contend that certain health care professionals who treated them between 2019 and 2023 violated their federal and state-law rights. Because Trinwith and Olson are proceeding without prepayment of the filing fee, the court must screen the complaint under 28 U.S.C. § 1915 and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. The court must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, under Federal Rule of Civil Procedure 8, courts may dismiss a complaint that "makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). Applying this standard, the court must dismiss this case because (1) plaintiffs' complaint (dkt. #1) and amended complaints (dkts. ##9-11) are largely unintelligible; (2) Trinwith and Olson's claims, to the extent they can be discerned, fail to state a federal claim for relief; and (3) this court lacks subject matter jurisdiction over any state-law claims they may have.

## ANALYSIS

The court's analysis begins with a general problem. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The primary purpose of these rules is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (cleaned up). If lack of "basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct," dismissal may be an appropriate remedy. *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011).

Many of the complaint's allegations are lengthy and unclear, as are those in the proposed amendments. Their paragraphs are not numbered or limited to a single set of circumstances. Plaintiffs appear to be suing the Mayo Clinic in Eau Claire and the medical professionals who treated them there. Although their allegations are difficult to follow, Trinwith and Olson say that certain individuals refused to honor Olson's advance medical directive, falsified records, improperly discharged Trinwith, and committed medical malpractice. (Dkt. #1, at 2-5; Dkt. #9, at 1; Dkt. #10.) In plaintiffs' motion to amend the complaint, Trinwith also takes issue with the contents of his file in the Trempealeau County Sheriff's Office database. (Dkt. #11.) Plaintiffs' complaint fails to comply with the requirements of the Federal Rules of Civil Procedure. If they choose to file an amended complaint, it must be clear, concise, and organized into separate claims against specific defendants.

To the extent the court can discern plaintiffs' contentions, they have not stated a federal claim against any of the defendants. The court understands plaintiffs to be suing defendants under 42 U.S.C. § 1983, but to succeed on constitutional claims under that statute, the defendants must have acted "under color of state law." *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Neither the Mayo Clinic nor its employees are state actors, so plaintiffs' Fourteenth Amendment claims against those defendants fail at the outset because they are not subject to suit under § 1983. Similarly, the Trempealeau County Sheriff's Office is not an entity that can be sued. *Whiting v. Marathon Cnty. Sheriff's Dep't.*, 382 F.3d 700, 704 (7th Cir. 2004). Even if the court construed plaintiffs' complaint to assert a claim against Trempealeau County itself, the county would only be liable if the harm Trinwith suffered was a result of a county policy or custom, which the allegations -- to the extent that the court can parse them out -- do not suggest. *Glisson v. Indiana Dep't. of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc).

However, plaintiffs' claims against the individual defendants have another problem: they do not allege that two of the individual defendants at the Mayo Clinic, Sue B. or Kirk El., were responsible for refusing to honor Olson's advanced directive, falsifying records, improperly discharging Trinwith, or committing medical malpractice. Nor does plaintiffs' conclusory assertion that defendant Don Adams altered Trinwith's medical records to falsely state he was charged with attempted murder show that any of the individual defendants violated his *constitutional* rights. *See Moreland v. Bryant*, No. 22-cv-679-jdp, 2023 WL 3950114, at *2 (W.D. Wis. June 12, 2023) (collecting cases); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

3

Likewise, although the Patient Self-Determination Act of 1990 ("PSDA") provides that covered health providers -- presumably including the Mayo Clinic -- must follow specified policies and procedures in regard to advance directives, individuals cannot sue to enforce their rights under the PSDA, nor does the PSDA explicitly create an enforceable federal right of action. *See Winfield v. Mercy Hosp. and Med. Ctr.*, 591 Fed. App'x 518 (7th Cir. 2015). So, even if defendants were state actors subject to suit under § 1983, plaintiffs do not state a federal claim against them for failing to abide by an advance directive.

Plaintiffs further appear to contend that defendants committed state law torts including medical malpractice and defamation. District courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This statute requires "complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id.* (emphasis in original). This court does not have diversity jurisdiction over this case because both Trinwith and Olson and at minimum, defendant Don Adams, are Wisconsin citizens. (Dkt. #1, at 22.) Without a viable federal claim in this case, the court cannot exercise jurisdiction over any state-law claims.

The Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). However, the court cannot conceive of a scenario in which plaintiffs would be able to state a federal claim against any of the defendants, or in which they could amend their complaint to proceed with their state-law claims in federal court. Nevertheless, the court will dismiss their complaint without prejudice and give them a brief window of time to file

4

another amended complaint.  Plaintiffs should draft their proposed amended complaint as if they are telling a story to someone who knows nothing about their situation, paying particular attention to providing details about their interactions with individual defendants, focusing on: (1) what acts they believe violated their rights; (2) what specific rights were violated; (3) who committed each act; and (4) what relief they want the court to provide.  If plaintiffs submit a proposed amended complaint by the deadline set forth below, the court will screen it under 28 U.S.C. §§ 1915(e)(2).

ORDER

IT IS ORDERED that:

1) Plaintiffs Jeffery Trinwith and Julleen Olson are DENIED leave to proceed, and their complaint (dkt. #1) and proposed amendments (dkt. #9; dkt. #10; dkt. #11) are DISMISSED without prejudice, for failure to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8.

2) Plaintiffs have until **September 23, 2024** to file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8.  Plaintiffs' failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered August 23rd, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge