IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFERY M. TRINWITH and JULLEEN B. OLSON,

                Plaintiffs,

  v.                                                  OPINION and ORDER

MAYO CLINIC EAU CLAIRE ADMINISTRATION,        23-cv-533-wmc
DON ADAMS, SUE B., and KIRK EL.,

                Defendants.

---

      In previous orders, the court dismissed complaints filed by plaintiffs Jeffery Trinwith and Julleen Olson for failure to comply with Federal Rule of Civil Procedure 8 or state a claim upon which relief could be granted. (Dkts. ##12 & 16.) Generally, plaintiffs had alleged that certain individuals refused to honor Olson's advance medical directive, falsified records, improperly discharged Trinwith from the hospital, committed medical malpractice, and made unspecified threats. The court explained repeatedly that those allegations did not state a federal constitutional or statutory claim *and* that plaintiffs could not include unrelated claims against multiple defendants in a single lawsuit. Nevertheless, the court allowed plaintiffs to file a second amended complaint to clarify the nature of their federal claims, if any.

      In response, plaintiffs have filed three handwritten submissions that the court will construe collectively as a proposed, second amended complaint. (Dkts. ##17, 20, & 21.) Unfortunately, this second amended complaint also does not state a claim even under the lenient standard that applies to pleadings by litigants representing themselves. The primary problem with plaintiffs' most recent proposed complaint is that it still does not

allege a set of facts supporting any *federal* claim.  Specifically, plaintiffs allege that: (1) defendant Don Adams violated the federal Health Insurance Portability and Accountability Act ("HIPPA") by entering information about plaintiff Trinwith into the Mayo Clinic system; (2) several medical providers violated the Patient Self-Determination Act of 1990 by refusing to honor plaintiff Olson's advance medical directive; (3) defendant Adams and his friends threatened plaintiffs; (4) the Mayo clinic allowed a doctor to see Trinwith's medical records after he opted out of the Health Information Exchange ("HIE") program; (5) defendants forced Trinwith to commute every week for blood tests; and (6) defendants threatened to discharge Trinwith from the hospital.

However, none of these factual allegations give rise to a federal claim.  First, despite plaintiffs' statement that defendants have violated HIPPA by disclosing their information, HIPPA does *not* allow private causes of action.  *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011).  Rather, HIPPA generally supports *state law* tort claims for medical malpractice which this court has no authority to hear for the reasons explained below.  Similarly, there is no recognized right to a private action under the Patient Self-Determination Act of 1990.  *Winfield v. Mercy Hosp. & Med. Ctr.*, 591 F. App'x 518, 519 (7th Cir. 2015).  Accordingly, plaintiffs have no private cause of action to enforce their medical directives under federal law.

Plaintiffs' remaining allegations consist of state law claims.  For this court to have subject matter jurisdiction of those claims, plaintiffs must plead complete diversity of citizenship *and* have more than $75,000 in controversy.  *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978).  Even presuming at least that minimum amount is in

dispute, this court still lacks subject matter jurisdiction over this case because plaintiffs allege that Trinwith, Olson *and*, at minimum, defendant Don Adams are all Wisconsin citizens. (Dkt. #1, at 22.); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff").

Subject to the applicable statute of limitations, plaintiffs may pursue any state law claims against defendants in state court, but this federal court does not have subject matter jurisdiction to hear any of their claims. Accordingly, the court will dismiss this lawsuit with prejudice given plaintiffs' repeated failures to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that:

1) Plaintiffs Jeffery Trinwith and Julleen Olson's second amended complaint (dkts. ##17, 20, & 21) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted in this federal court.

2) The Clerk of Court is directed to close this case.

Entered this 28th day of May, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge